OPINION
{¶ 1} Defendant-appellant Robert W. Lett appeals the October 15, 2002 Judgment Entry of the Ashland Municipal Court which found him guilty of one count of failure to control. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On the morning of June 28, 2002, appellant was driving his car in Ashland, Ohio, when he suffered a mini-stroke. Appellant lost control of his vehicle which resulted in a single car accident. On the same date, the Ashland City Police cited appellant with a violation of Ashland Codified Ordinance Section 331.34 (failure to control) and 335.04(A) (expired sticker). Appellant plead not guilty to these charges.
 {¶ 3} On September 20, 2002, appellant filed a Motion In Limine arguing the defense of sudden emergency was applicable to the failure to control charge. Appellant argued the accident was the result of a mini-stroke from which he lost consciousness. Appellant placed an affidavit in the record stating he had never blacked out or lost consciouness before. Because he had no control over his condition or forewarning of the circumstances which caused the accident, appellant argued the defense of sudden emergency was viable to defend against the failure to control charge.
 {¶ 4} In a September 26, 2002 Judgment Entry, the trial court overruled appellant's motion in limine. The trial court found Ordinance Section 331.34 was a strict liability offense. As such, no defenses were available to preclude criminal liability, including sudden emergency which is typically a defense to a negligence action. On October 15, 2002, the trial court accepted appellant's plea of no contest and found appellant guilty of the failure to control charge.
 {¶ 5} It is from this judgment entry appellant prosecutes his appeal, assigning the following error for our review:
 {¶ 6} "I. The trial court committed prejudicial error when it found the defendant-appellant guilty of the offense of failure to control his motor vehicle or to give attention to his driving on June 28, 2002, notwithstanding the undisputed fact that at the time and place of the alleged offense the appellant was unconscious due to a mini-stroke (blackout) and was unable to control the movement of his vehicle and he had never before this occasion suffered such an event and had no forewarning of it of any kind."
 I. {¶ 7} In appellant's sole assignment of error he maintains the trial court improperly found the offense of failure to control pursuant to Ashland City Ordinance 331.34 to be a strict liability offense. We agree.
 {¶ 8} Appellant was convicted of violating Ordinance 331.34, failure to control a motor vehicle. The statute provides, in relevant part:
 {¶ 9} "(a) No person shall operate a motor vehicle on any street, highway or property open to the public for vehicular traffic without being in reasonable and ordinary control of the vehicle.
 {¶ 10} "(b) No person shall operate a motor vehicle upon any street or highway in a weaving or zigzag course unless such irregular course is necessary for safe operation or in compliance with law.
 {¶ 11} "(c) No person shall operate a motor vehicle without giving his full time and attention to the operation of such vehicle.
 {¶ 12} Appellee argues although the ordinance does not specify culpability it plainly indicates a purpose to impose strict liability by use of the word "shall." Accordingly, appellee argues no mens rea is necessary to prove the crime and therefore, the trial court properly refused to consider the defense of sudden emergency. However, the code states no person shall operate a motor vehicle without "reasonable and ordinary control." In other words, the city code has incorporated and/or adopted the ordinary standard of negligence as the requisite proof of culpability within its failure to control ordinance. See, State v. Jones
(Apr. 25, 1989), Franklin App. No. 88AP-920, unreported.
 {¶ 13} Further, while we understand the doctrine of sudden emergency is usually applicable only to negligence cases, this Court has also found the defense of sudden emergency to be viable for certain motor vehicle safety statutes. In State v. Hitchings, (Sept. 23, 1996), Stark App. No. 95CA00379, unreported, we found "an operator of a motor vehicle is excused from complying with a safety statute if, without fault on his part, and because of circumstances over which he had no control, he was confronted by a sudden unforseeable emergency which made compliance with the statute impossible." citing Stonerock v. Miller Brothers Paving,Inc. (1991), 72 Ohio App.3d 123 at 135.
 {¶ 14} Because we find the trial court erred in finding the statute to be a strict liability statute, we reverse the October 15, 2002 Judgment Entry and remand this matter to the trial court for further proceedings consistent with this opinion and the law.
By: Hoffman, J., Farmer, J. and Edwards, J. concur.